# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**AMANDA COTHREN and**
**DAVID COTHREN**                                                                                   **PLAINTIFFS**

**v.**                                                                              **No. 3:10-CV-347-CWR-LRA**

**BAXTER HEALTHCARE CORPORATION**                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant, Baxter Healthcare Corporation's ("Baxter") motion for summary judgment and rebuttal, its memorandum in support of the motion, and response by Amanda and David Cothren (hereinafter collectively "Cothren"). The Court, after reviewing the motion, briefs of the parties, and the relevant law, finds that the motion must be GRANTED.

### I. BACKGROUND

Cothren filed this product liability action alleging violations of the Mississippi Product Liability Act, Miss. Code Ann. § 11-6-63, in the Amite County Circuit Court on May 10, 2010. She alleged various causes of action against Baxter, including product defect, "[r]es [i]psa [l]oquitur/[n]egligence [p]er [s]e/[s]trict [l]iability," false advertising, and negligent infliction of emotional distress resulting from Amanda Cothren's use of a Home Choice Pro$^{TM}$ Automated Peritoneal Dialysis Cycler ("Home Choice" Cycler). In a nutshell, Cothren claims that the product was defective; that the alleged defect was unreasonably dangerous and that the alleged defect caused or contributed to her injuries. The injuries she alleged, *see* Complaint, at ¶ 13, were numerous and consistent with the injuries that Baxter had itemized in two Recall Notices it issued.

After this action was removed timely to this court from the Amite County Circuit Court, the Court conducted the Case Management Conference and entered the Case Management Order on

August 23, 2010. [Docket No. 11].  Pursuant to that order, Cothren was to designate her experts on or before December 27, 2010, but on January 19, 2011, Cothren filed a Motion to Amend Case Management Order to extend the deadline to designate their experts "due to the highly technical nature of the [case]." [Docket No. 19].  Baxter did not oppose the motion.  The Magistrate Judge extended the deadlines giving the Plaintiffs an additional forty-five days (February 10, 2011) in which to designate experts.  Cothren, however, never designated any experts.  Defendant filed its motion for summary judgment on February 22, 2011.  Plaintiff opposes the motion.

## II. LEGAL STANDARDS

Though motions for summary judgment are filed frequently, not every case is suitable for such disposition.  Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  The Court must view the evidence in the light most favorable to the non-moving party.  *Abarca v. Metro Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).  When confronted with these motions, this Court focuses on "genuine" issues of "material" facts.  An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party."  *Zisman v. Mason*, 2008 WL 879726, at *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).  A fact is material if it is one which might effect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Factual disputes that are irrelevant or unnecessary will not be considered.  *Id*.

When filing a motion for summary judgment, "the moving party is not required to negate the

elements of the nonmoving party's case." *Lawrence v. University of Texas Medical Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999). Moreover, the movant "need not prove a negative when it moves for summary judgment on an issue that the [respondent] must prove at trial. It need only point to an absence of proof on [the non-movant's] part." *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). Thus, "where 'the summary judgment evidence establishes that one of the essential elements of the plaintiffs' cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.'" *Ochello v. Liberty Mut. Fire Ins. Co.*, 2011 WL 1750240, *3 (S.D. Miss. 2011)(citations omitted).

Once the movant shows the court that it is entitled to judgment as a matter of law, the burden shifts to the resisting party to show why summary judgment is not proper. *Id.* As explained further by the Court in *Walker v. J.E. Merit Constructors, Inc.*:

> The non-movant is then obligated to present competent evidence setting forth **specific** facts to illustrate the existence of a genuine issue of material fact for trial. . . .The resisting party may not create a genuine dispute simply by alleging that a dispute exists . . . 'When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth **specific** facts showing that there is a genuine issue is for trial. . . .'

707 F.Supp. 254, 257 (S.D. Miss 1988)(citation omitted)(emphasis added).

Pointing to and setting forth these specific facts is the responsibility of the non-movant, and the court has no duty whatsoever to sift through the record in search of evidence to support a party's opposition to summary judgment. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006). *See also, Fuentes v. Postmaster Gen. of U.S. Postal Service*, 282 F.App'x 296, 300 (5th Cir. 2008), *citing Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (not only must the non-movant point to specific facts, she must articulate the precise manner in which that evidence support

her claim). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Davis v. Louisville Municipal School District*, 2010 WL 290956, *2 (N.D. Miss. 2010)(quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). The specific facts must derive from admissible evidence. Indeed, the court may not consider inadmissible evidence. *Geiserman v. MacDonald*, 893 F.2d 782, 793 (5th Cir. 1990).

Additionally, "the court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Zisman,* 2008 WL 879726, at *3, *citing Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994). Where there is no proof of contradictory facts, the court will not assume that nonmoving party could or would prove the necessary facts. *Id.*, *citing Wallace v. Texas Tech. University*, 80 F.3d 1042, 1048 (5th Cir. 1996).

This Court is ever mindful that although a useful device, summary judgment "must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989). The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must step back and not make any credibility determinations, and it must not weigh evidence or draw from the facts legitimate inferences for the movant. *Strong v. The Dept. of Army*, 414 F.Supp.2d 625, 628 (S.D. Miss. 2005). A case such as this where the Plaintiffs have wholly failed to submit proof on an essential claim is appropriate for summary disposition.

### III. ANALYSIS

Even though the heart of this lawsuit is Cothren's contention that a medical device failed to function properly which resulted in her injuries, Cothren has chosen to forego the use of any experts. She never designated any experts nor has she sought additional time in which to designate an expert.

In fact, in response to Baxter's motion for summary judgment, Cothren asserts that "[t]he Mississippi Products Liability Act [MPLA] does not require expert testimony to establish any elements of its *prima facie* case." [Docket No. 31], at 4. Moreover, "any layman," Cothren contends, "can review the two recall notices, the press release and the Plaintiff's symptoms and based on common sense, find that the Defendant was negligent as a matter of common sense." *Id.*

Although the parties agree that this Court must adhere to substantive state law, *see*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), Cothren's view of the law is wrong. Expert testimony is required. In order to prevail on claims under the MPLA Cothren must establish by a preponderance of the evidence that: (1) the product was manufactured or designed in a defective manner, contained inadequate warnings, or breached an express warranty that was justifiably relied on when purchased; and (2) this defective condition rendered the product unreasonably dangerous to the user or consumer; and (3) the defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought; and (4) the defective condition existed at the time the product left control of the manufacturer. Miss. Code Ann. § 11-1-63.

Cothren must demonstrate that the product was defective and that a feasible alternative would have prevented the alleged harm. Evidence of a design defect must be supported by expert testimony, and the failure to designate an expert who is prepared to offer such evidence demonstrates the lack of a *prima facie* case. *Hammond v. Coleman Co., Inc.*, 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999), *aff'd*, 209 F.3d 718 (5th Cir. 2000); *Childs v. Gen. Motors Corp.*, 73 F. Supp. 2d 669, 671 (N.D. Miss. 1999).

By choosing to forego designating an expert in the instant matter, Cothren has taken the wrong path to arrive at liability in this admittedly "highly technical case." [Docket No. 19]. Although she is required to provide the Court with expert testimony in support of her claims of design and

5

manufacturing defects under the MPLA, *see*, *McIntosh v. Nissan America, Inc.*, 2008 WL 4793743, *3 (S.D. Miss. 2008), Cothren has declined to do so.

Rather than providing expert testimony, she simply points to recall notices issued by Baxter as evidence of a defective product. The recall notices, however, do not constitute admissible evidence to establish liability. *See, e.g. Rutledge v. Harley-Davidson Motor Co.*, 2009 WL 1635762, *2 (S.D. Miss. 2009), *aff'd*, 364 Fed.Appx. 103 (5th Cir. 2010)(Fed.R.Evid. 407 bars the use of Recall Notes to be used as defendants' admission that a design is defective). Assuming *arguendo*, the recall notices constitute admissible evidence, they themselves do not demonstrate the product in question was defective. *Id*. Similarly, allegations of injuries Mrs. Cothren suffered following use of the product is not evidence of defectiveness. *William Cooper & Nephew, Inc., v. Pevey*, 317 So.2d 406, 409 (Miss. 1975). One of the central questions to be resolved in this kind of case is whether Plaintiff's injuries were indeed caused by the defective condition of the device. It does not matter that Plaintiff is pursuing claims under warranty, tort or strict liability. *Dawson v. Wal-Mart Stores, Inc.*, 781 F.Supp. 1166, 1170 (N.D. Miss), *aff'd*, 928 F.2d 205 (5th Cir. 1992). Each claim requires proof that the Defendant breached its duties. *Rutledge*, *supra*, at *2.

Having failed to present evidence that Baxter breached its duties leads this Court no option but to grant summary judgment in favor of Defendant.

SO ORDERED this the 31st day of May, 2011.

                                               s/Carlton W. Reeves
                                               UNITED STATES DISTRICT JUDGE